# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED by _____ D.C.
OCT 01 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - MIAMI

| United States District Court | District SD Florida |
|---|---|
| Name (under which you were convicted): Carey Williams | Docket or Case No.: 1:03-cr-20483-MGC-23 |
| Place of Confinement: P.O. Box 52020, Bennettsville, SC  29512 | Prisoner No.: 63671-004 |

UNITED STATES OF AMERICA                                 Movant (include name under which you were convicted)
                                                         Carey Williams
                              v.

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   USDC SD Florida

   (b) Criminal docket or case number (if you know):   1:03-cr-20483-MGC-23

2. (a) Date of the judgment of conviction (if you know):   7-27-11 (Amended Judgment)

   (b) Date of sentencing:   7-27-11 (resentenced)

3. Length of sentence:   240 months

4. Nature of crime (all counts):

   21 U.S.C. § 952(a), 21 U.S.C. § 963, 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2 (Count 1sssss); 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (Count 2sssss); 21 U.S.C. § 952(a), 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2 (Count 16sssss); 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (Count 17sssss)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

   I went to trial, was found guilty, then filed a 2255 which was granted and I was allowed to plead guilty. It is the amended judgment I am challenging.

cat/div 2255/5101 Miami
Case # 03cr20483
Judge Cooke   Mag PAW
Motn Ifp _____   Fee pd $ _____
Receipt # _____

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED by ___ D.C.
OCT 01 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA – MIAMI

| United States District Court | District SD Florida |
|---|---|
| Name (under which you were convicted): Carey Williams | Docket or Case No.: 1:03-cr-20483-MGC-23 |
| Place of Confinement: P.O. Box 52020, Bennettsville, SC  29512 | Prisoner No.: 63671-004 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) Carey Williams |
| v. | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    USDC SD Florida

    (b) Criminal docket or case number (if you know):  1:03-cr-20483-MGC-23

2. (a) Date of the judgment of conviction (if you know): 7-27-11 (Amended Judgment)

    (b) Date of sentencing: 7-27-11 (resentenced)

3. Length of sentence: 240 months

4. Nature of crime (all counts):

    21 U.S.C. § 952(a), 21 U.S.C. § 963, 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2 (Count 1sssss); 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (Count 2sssss); 21 U.S.C. § 952(a), 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2 (Count 16sssss); 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (Count 17sssss)

5. (a) What was your plea? (Check one)

    (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

    I went to trial, was found guilty, then filed a 2255 which was granted and I was allowed to plead guilty. It is the amended judgment I am challenging.

cat/dlv 2255 510 Miami
Case # 03 CR 20483
Judge Cooke  Mag PAW
Motn Ifp _____  Fee pd $ _____
Receipt # _____



7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐
9. If you did appeal, answer the following:
   (a) Name of court: USCA 11
   (b) Docket or case number (if you know): 05-12835
   (c) Result: Appeal denied.
   (d) Date of result (if you know): 1-25-07
   (e) Citation to the case (if you know): 215 Fed. Appx. 842; 2007 U.S. App. LEXIS 1674
   (f) Grounds raised:
   Challenge to the denial of Batson challenge to the government's peremptory strikes of the petit jury

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): 06-10836
      (2) Result: Petition denied.
      (3) Date of result (if you know): 10-1-07
      (4) Citation to the case (if you know): 128 S. Ct. 52; 169 L. Ed. 2d 40
      (5) Grounds raised:
      Challenge to the denial of Batson challenge to the government's peremptory strikes of the petit jury

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☒   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: USDC SD FL
        (2) Docket or case number (if you know): 1:08-cv-22724-MGC
        (3) Date of filing (if you know): 9-30-08

(4) Nature of the proceeding: 2255 motion

(5) Grounds raised:
Ineffective assistance of counsel in the plea process and in the trial process.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☒   No ☐

(7) Result: Motion granted. I was resentenced on 7-27-11

(8) Date of result (if you know):  2-1-11

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: USCA 11

(2) Docket or case number (if you know): 12-14284

(3) Date of filing (if you know): 8-13-12 per prison mailbox rule.

(4) Nature of the proceeding: Application for successive 2255 motion.

(5) Grounds raised:
Violation of rule in US v. Simmons, 649 F.3d 237 (4th Cir. 8-17-11)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result: The USCA ruled that permission not needed for second 2255 in my case.

(8) Date of result (if you know): 9-4-12

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐   No ☒
(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: The order was correct.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Violation of rule in US v. Simmons, 649 F.3d 237 (4th Cir. 8-17-11)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): My criminal history was unlawfully computed in light of Simmons. Had it been properly computed, the judge would have given me a reduced sentence of 10 years.

(b) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐  No ☐

  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☒  No ☐

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: 28 USC 2244 petition to USCA 11.

  Name and location of the court where the motion or petition was filed: USCA 11

Page 6

Docket or case number (if you know): 12-14284

Date of the court's decision: 9-4-12

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The court's order was correct.

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?  Yes ❑  No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ❏ No ❏
17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❏ No ❏
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❏  No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

```
My amended judgment became final on 9-28-11 when the court of appeals dismissed
my direct appeal of that judgment. This motion is filed within 1 year of 9-28-11.
US v. Simmons, 649 F.3d 237(4th Cir. 8-17-11) was decided 8-17-11. This motion
was filed in the court of appeals by the prison mailbox rule on 8-13-12 which
was within 1 year of the date that Simmons became final. This motion relates
back to that motion under Mederos v US, 218 F.3d 1252; 2000 U.S. App. LEXIS 16682
(11th Cir. 2000).
```

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
Movant asks that he be resentenced with his criminal history recalculated to comply with Simmons.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on ____9-26-012____ (date).

_____Carey Williams_____
Signature of Movant
Carey Williams

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-14284-F

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 04 2012
JOHN LEY
CLERK

IN RE: CAREY WILLIAMS,

Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside, or Correct Sentence,
28 U.S.C. § 2255(h)

Before: BARKETT, MARCUS, and PRYOR, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. § 2255(h), Carey Williams has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence for his crimes of conspiring to import cocaine, conspiring to possess cocaine with intent to distribute, importing cocaine, and possessing cocaine with intent to distribute. Although the district court initially sentenced him to life imprisonment, it amended Williams's sentence to 240 months' imprisonment after he filed a successful motion to vacate.

Authorization to file a second or successive motion to vacate may only be granted if the application contains claims premised upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A motion to vacate is not second or successive where the movant only challenges his amended sentence that was imposed subsequent to a successful motion to vacate. *See In re Green*, 215 F.3d 1195, 1195-96 (11th Cir. 2000).

In his application, Williams indicates that he wishes to raise a single claim that, in imposing his 240-month sentence, the district court unlawfully calculated his criminal history in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Williams, however, does not require our authorization to file his motion to vacate with the district court, as he only seeks to challenge his amended sentence that the district court imposed after his successful initial motion to vacate. A challenge to Williams's amended sentence was unavailable to him at the time of his initial motion to vacate, and his proposed motion to vacate is not second or successive. *See In re Green*, 215 F.3d at 1195-96. Accordingly, Williams's application for leave to file a second or successive motion to vacate is DENIED as unnecessary.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 04, 2012

Carey Williams
FCI Bennettsville - Inmate Legal Mail
PO BOX 52020
BENNETTSVILLE, SC 29512

Appeal Number: 12-14284-F
Case Style: In re: Carey Williams
District Court Docket No:

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Gerald B. Frost, F
Phone #: (404) 335-6182

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

Carey Williams # 63671-004
Federal Correctional Institution
P.O Box 52020
Bennettsville, SC 29512